# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**VIKING PACKAGING**
**TECHNOLOGIES, INC.,**
          **Plaintiff,**

    v.                                              Case No. 09C343

**PRIMA FRUTTA PACKING, INC.,**
**et al.,**
          **Defendants.**

---

## DECISION AND ORDER

Plaintiff Viking Packaging Technologies, Inc. originally filed this breach of contract action in state court, and defendants Prima Frutta Packing, Inc. and Prima Noce Packing, Inc. removed. I have jurisdiction because the amount in controversy exceeds $75,000, plaintiff is a Wisconsin corporation having its principal place of business in Wisconsin, and defendants are both California corporations having their principal places of business in California. 28 U.S.C. § 1332. Before me now is defendants' motion to stay this action pending arbitration.

In 2007, the parties entered into a contract for the sale of packaging equipment manufactured by plaintiff. Plaintiff alleges that defendants breached this contract by failing to pay $114,248.41. The contract contains an arbitration clause, which provides as follows:

> The rights and duties of all persons and the construction and effect of all provisions hereof shall be governed and construed according to the rules of Conciliation and Arbitration of the International Chamber of Commerce of Paris, France by three (3) arbitrators to be appointed in accordance with said Rules.

(Ex. A to First Am. Compl. ¶ 16.)  Plaintiff does not dispute the enforceability of the arbitration clause but argues that defendants have waived their right to arbitrate.

A party may waive its right to arbitrate, either expressly or implicitly.  Halim v. Great Gatsby's Auction Gallery, 516 F.3d 557, 562 (7th Cir. 2008).  A party that chooses a judicial forum for the resolution of an otherwise-arbitrable dispute is presumed to have waived its right to arbitrate.  Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004).  In determining whether a party has presumptively waived its right to arbitrate, the essential question is whether, based on all the circumstances, a party has acted inconsistently with its right to arbitrate.  Halim, 516 F.3d at 562.  A plaintiff presumptively waives its right to arbitrate by filing suit in court.  Duferco Steel Inc. v. M/V Kalisti, 121 F.3d 321, 326 (7th Cir. 1997).  A defendant presumptively waives its right to arbitrate when it elects to follow the plaintiff's lead and proceed before the nonarbitral tribunal.  Id.  A party can be found to have presumptively waved its right to arbitrate even if the opposing party suffered no prejudice.  Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995).  However, in "abnormal cases" a party that has presumptively waived its right to arbitrate may rebut that presumption or may be allowed to rescind its waiver.  Id. at 390-91.  When examining whether a party has rebutted a presumptive waiver or may rescind a waiver, a court must determine whether the party did "all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration[.]"  Id. at 391.

Plaintiff filed the present case in state court on February 6, 2009.  It amended its complaint and served copies on defendants on March 2, 2009.  (Notice of Removal ¶ 9.)  On March 30, 2009, while still in state court, defendants filed an answer to the amended

2

complaint but did not raise arbitration as an affirmative defense or otherwise indicate that they wanted to arbitrate.[1]  Defendants removed the case on March 31, 2009, but again they did not indicate that they preferred arbitration to litigation.  On April 22, 2009, plaintiff filed a notice indicating that it consented to have this case proceed before a magistrate.  On May 6, 2009, defendants likewise indicated their consent to proceed before a magistrate.  Once again, defendants did not indicate that they wanted to arbitrate.  Six weeks after removal, on May 8, 2009, defendants filed the present motion to stay this action pending arbitration.

I conclude that defendants presumptively waived their right to arbitrate by failing to raise arbitration in their answer.  As noted, a defendant presumptively waives its right to arbitrate when it does not object to the plaintiff's choice of a nonarbitral tribunal.  When a plaintiff files suit in court rather than an arbitration demand, it is reasonable to presume that if the defendant desires arbitration it will object to plaintiff's choice of forum in its answer or other response to the complaint.  This is so because a defendant normally waives any objection to the plaintiff's choice of forum if it does not raise its objection in its answer or a motion filed with or in lieu of its answer.  See Fed. R. Civ. P. 12(h)(1); Wis. Stat. § 801.51; Cabinetree, 50 F.3d at 391.  Here, defendants did not mention arbitration when they answered the complaint and thereby presumptively waived their right to arbitrate.

I next consider whether this is an "abnormal case" in which defendants have rebutted the presumption of waiver or should be permitted to rescind their waiver.

---

[1]The answer filed in state court was not made part of the record in this court. However, plaintiff has represented that defendants did not mention arbitration in their answer (Pl.'s Obj. at ¶ 4), and defendants have not disputed this representation.

3

Cabinetree, 50 F.3d at 390-91. Defendants offer no explanation for failing to raise arbitration at the time they filed their answer or for waiting six weeks after removal to file their motion to stay. Instead, defendants point out that this case is still in its infancy and that therefore plaintiffs have not been prejudiced by the delay. However, lack of prejudice is only one factor to consider. Equally important is the diligence or lack thereof of the party seeking arbitration. Id. at 391. As noted, the essential question is whether the party did all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration. Id. In the present case, the earliest feasible time to elect arbitration was when the responsive pleading was due. Defendants offer no reason for failing to elect arbitration at that time, and thus I have no reason to think that defendants have done all they reasonably could have done to make the earliest feasible determination of whether to proceed judicially or by arbitration.

Defendants argue that Cabinetree is distinguishable because in that case the defendant waited until well into discovery before demanding arbitration, thereby "dropping a bombshell into the proceedings." Id. at 389. But the court in Cabinetree placed little reliance on the length of the defendant's delay, going so far as to explain that the delay caused "no demonstrable prejudice" to the plaintiff. Id. at 391. What was more important was the defendant's lack of a legitimate explanation for not making its demand as early as reasonably possible. Id. And that's the case here. Defendants have offered no reason for their delay, leaving me to assume that the delay was either the result of inexcusable neglect or a desire to test the waters in district court before deciding that arbitration would be preferable.

Defendants also point to two Seventh Circuit cases decided after Cabinetree. In the first, Halim v. Great Gatsby's Auction Gallery, the court found that a defendant did not waive its right to arbitration by filing a notice of removal before demanding arbitration. 516 F.3d at 562. In that case, however, "removal was the only action taken by the party against whom the waiver was to be enforced." Id. Most importantly, the defendant invoked its right to arbitration at the first reasonable opportunity – namely, in its response to the complaint. The defendant did not file an answer but instead filed a motion to dismiss the complaint on a number of grounds, one of which was the arbitration clause. Id. at 561. In contrast, defendants in the present case filed an answer to the complaint without mentioning arbitration. As noted, procedural rules demand that a defendant raise any objections to the plaintiff's choice of forum at or before the time a responsive pleading is due. Fed. R. Civ. P. 12(h)(1); Wis. Stat. § 801.51; Cabinetree, 50 F.3d at 391. There is no similar rule requiring that a defendant raise any objections or defenses in the notice of removal (other than its objection to the plaintiff's choice of state court over federal). And there are legitimate reasons for removing a case prior to answering and demanding arbitration. For example, a defendant might prefer to have the federal court evaluate its request for arbitration rather than the state court. But that is not what happened here. Defendants answered without mentioning arbitration, thereby acquiescing in plaintiff's decision to proceed judicially. Defendants then removed, waited until plaintiff made its choice on whether to consent to the magistrate, took some more time, and then filed their motion to stay. These actions indicate that defendants either failed to exercise reasonable diligence in discovering their right to arbitrate or intentionally sat on their right, possibly to see how things went in federal court before exercising their right to arbitrate.

5

The other post-Cabinetree case is Sharif v. Wellness International Network, Ltd., in which the court held that a defendant did not waive its right to arbitrate where it did not move to compel arbitration until after it had filed a motion to dismiss and a motion to transfer venue. 376 F.3d at 726-27. Significantly, however, the motion to dismiss and the motion to transfer venue relied on the parties' agreement to arbitrate their claims in Texas. Id. at 723 (noting that "'defendant presented to [the] court an agreement between the parties that provided that proper venue for the matter was in the state of Texas and that arbitration shall take place in the state of Texas'"). Indeed, the district court found that it would have been "superfluous" to consider the motion to compel arbitration because the motions to dismiss and transfer venue "'already included the arbitration clause in Texas.'" Id. Thus, as in Halim and unlike the present case, the defendant in Sharif expressed its preference for arbitration in its first response to the complaint. Moreover, the court found that because the defendant in Sharif had successfully moved for arbitration in a closely related, contemporaneous case involving the same plaintiffs, such plaintiffs "were surely on notice that [the defendant] was likely to demand arbitration." Id. at 726. The present case does not involve similar circumstances.

In summary, defendants presumptively waived their right to arbitrate by failing to object to plaintiff's choice of a judicial forum in their answer or other motion filed in response to the complaint. Further, defendants have not rebutted this presumptive waiver or shown that they should be allowed to rescind their waiver because they have not shown that they did all they reasonably could have to make the earliest feasible determination of

6

whether to proceed judicially or by arbitration. Therefore, **IT IS ORDERED** that defendants' motion to stay pending arbitration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge